IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02360-BNB

MIKEAL GLENN STINE,

    Plaintiff,

v.

CHARLES THOMAS WEEKS II, United States Marshal (JPAT),
JOHN DOE 1,
JOHN DOE 2, and
JOHN DOE 3,

    Defendants.

---

ORDER OF DISMISSAL

---

    Mikeal Glenn Stine is in the custody of the United States Bureau of Prisons (BOP) at the Medical Center for Federal Prisoners in Springfield, Missouri. On August 15, 2014, Mr. Stine initiated an action in the United States District Court for the Central District of California (Central District of California) claiming excessive force and destruction of legal papers by the U.S. Marshals. Named Defendants are U.S. Marshals who are located in Oklahoma City, Oklahoma. The alleged events, however, took place in Colorado Springs, Colorado; Ontario, California; and Oklahoma City, Oklahoma.

    The Central District of California transferred the case to this Court on August 22, 2014, pursuant to 28 U.S.C. § 1406(a) because all Defendants reside in Oklahoma City, Oklahoma, and the events or omissions giving rise to the claim of excessive force began in Colorado and continued in Oklahoma. The Central District further found that despite Defendants' residence, the fact that at least some of the events occurred in Colorado,

and Plaintiff will be returning to Colorado for his pending criminal case, militates in favor of this case being heard in the District of Colorado.

Plaintiff is enjoined from filing a civil complaint in this Court unless he complies with the requirements of his filing restrictions under *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, ECF No. 344 at 30-32 (D. Colo. Sept. 1, 2009). The Complaint does not comply with the filing restrictions, and any claims, regardless of proper venue, will not be considered by this Court.

The events that are not subject to proper venue in this Court, because they took place in Ontario, California, or Oklahoma City, Oklahoma, shall be dismissed, or if in the interest of justice, transferred to any other district where they may have been brought. *See* 28 U.S.C. 1406(a). The Court finds that transfer of this case to a federal district court where venue also is proper is not in the interest of justice. Plaintiff is subject to 28 U.S.C. § 1915(g) filing restrictions, *see Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, ECF No. 212 (D. Colo. Sept. 1, 2009), and he has failed either to submit a request to proceed pursuant to § 1915 and show imminent danger of serious physical injury or in the alternative pay the $400 filing fee in full. This Court, therefore, will refrain from transferring the case to the United States District Court for the Western District of Oklahoma, where events also took place that give rise to Plaintiff's alleged cause of action, and where the defendants are located, and will dismiss this case in part pursuant to § 1406(a).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a

motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Court will not consider Plaintiff's claims where venue properly lays in this Court, because Plaintiff has failed to comply with the filing restrictions set forth in *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, ECF No. 344 at 30-32 (D. Colo. Sept. 1, 2009). It is

FURTHER ORDERED that those claims where venue properly lays in another district court will be dismissed without prejudice, pursuant to 28 U.S.C. § 1406(a), because a transfer of these claims to another federal district court is not in the interest of justice. It is

FURTHER ORDERED that Plaintiff is denied leave to proceed *in forma pauperis* on appeal.

DATED at Denver, Colorado, this  29th  day of    August   , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court